JtfnfiE Owslev
delivered the opinion.
Graham sued out, from a justice of the peace, a warrant against Price for forcibly entering and detaining one bouse and field, lying on the Louisa fork of Sandy river, and caused such proceedings to be had thereon, as finally, in the circuit court, to recover judgment of restitution against Price.
On the application of Graham the clerk issued an execution, therein reciting — “ Whereas Thomas Price, lately in our Floyd circuit court, bath been found guilty of a forcible entry and detainer in one house and field, lying on Sandy river, whereon Jacob Syck and family resides, to the injury of John Graham,” ⅜0. and commanding the sheriff to deliver to Graham the possession, &c.
This Writ was returned executed by the sheriff, and at á subsequent term of the court. Price, and Syck moved the court to quash the writ and award them a writ of restitution, on the grounds of a variance between the writ and judgment recovered by Graham, aud the court accordingly quashed the writ, and ordered the possession to be res *523 tored to Priec and Syck — from that decision Graham has appealed.
A variance between a judgment & execution, in an immat’rial point, will nor vitiite, it is sufficient if the conformity is sufficiently intimate to shew the execution issued on the judgment.
Tlijs court is of opinion that the court erred both in quashing the writ and ordering restitution to be made to Price and Syck. 'f be writ of restitution has not recited the judgment with as much precision as might, possibly, have been observed, but it is not essential to the validity of an execution that the utmost possible strictness should be observed in reciting the judgment. It is sufficient that the execution conforms substantially to the judgment, and in the present case it is impossible to compare the execution with the judgment, and not be convinced that it issued on the judgment which Graham had recovered against Price. It is true the judgment contains no suggestion of Syck and bis family being on the land, whereas the writ of restitution states that Syck and his family resides on the land ; but that statement is hardy an additional description of the land which the sheriff was commanded to restore to Graham, and could not confer upon the sheriff any authority to deliver possession of lands pot recovered by Graham in the judgment against Price.
Without that statement in the writ, the sheriff might have dispossessed Syck, if Syck obtained the possession from Price after the commencement of the warrant for the forcible entry and detainer, and with the statement, Syck could not regularly be dispossessed unless his possession was so obtained.
As neither Price nor Syck could, therefore, be aDywisg prejudiced by the variance, the writ of .restitution should not, on that ground, have been quashed.
And it is equally clear that the court erred in ordering the possession to be restored to Price and Syck. Aitho’ the judgment is sufficient to support the writ, it would have been proper to restore the possession to Syck, if he bad shewn that be was not liable to the process against Price, but this he has not done, and on the contrary, Graham, on the trial of the motion, proved that the land whereon Syck resided was the same for which be recovered the judgment of,restitution.
'file judgment of the circuit court in quashing the writ of restitution and in ordering restitution to be made to Price and Graham must, therefore, be reversed with cost, and the cause remanded and the motion of Price and Syck overruled with eost, JSfoi for.appellant.